Filed 7/17/14  Stephanie B. v. Super. Ct. CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| STEPHANIE B., Petitioner, v. THE SUPERIOR COURT OF VENTURA COUNTY, Respondent; VENTURA COUNTY HUMAN SERVICES AGENCY, Real Party in Interest. | 2d Civil No. B255265 (Super. Ct. Nos. J067003, J067004, J067005) (Ventura County) |

In this dependency case Mother petitions for an extraordinary writ to reverse the trial court's order bypassing services and setting the matter for a hearing pursuant to Welfare and Institutions Code section 366.26.[1]  We deny her petition.

### FACTS

Stephanie B. (Mother) is the mother of Anthony S., born December 2001, Jesse S., born July 2004, and H. S. born October 2005.  Jacob S. (Father) is

---

[1] All statutory references are to the Welfare and Institutions Code.

the children's father.  Both parents have a history of drug abuse.  This is not the first proceeding involving the parents and their children.

The first dependency proceeding began in April 2008.  The police were dispatched to Mother's home.  They found Mother was under the influence of methamphetamine, the home and the children were dirty, there was no food in the home and the children had not eaten that day.  The police arrested Mother for being under the influence of methamphetamine and child endangerment.

The Ventura County Human Services Agency (HSA) took custody of the children and filed a dependency petition.  The juvenile court declared the children dependents of the court.  Mother was offered reunification services.  By the 12-month review, Mother had done well enough in her case plan that the dependency was terminated and her children were returned to her.

This dependency proceeding began in January 2014.  The children were living with Father.  While the children were at school, the police arrived at Father's apartment with a search warrant.  Father refused to answer the door so the police forced an entry.  They saw Father flushing drugs down the toilet.  The police seized over one-half pound of methamphetamine in the apartment, some of it within reach of the children.  Father was arrested for possession of a controlled substance for sale.  HSA detained the children.

The day the children were detained, HSA could not locate Mother.  Mother called HSA the next day.  She said she had not had a stable living situation "in a while."  She claimed she knew Father would eventually be arrested.  When that happened, she planned to move into Father's apartment and take care of the children.  She admitted she was awaiting disposition of drug charges alleged against her.

A juvenile dependency petition alleged the children came within the jurisdiction of the court pursuant to section 300, subdivisions (b), (g) and (j).  The juvenile court found the children to be dependents of the court.  The court ordered

that reunification services to Mother be bypassed pursuant to section 361.5, subdivision (b)(13). The court set the matter for a hearing pursuant to section 366.26.

## DISCUSSION

Section 361.5, subdivision (b)(13) provides in part that a court may bypass services to a parent where it finds by clear and convincing evidence that "the parent or guardian of the child has a history of extensive, abusive, and chronic use of drugs or alcohol and has resisted prior court-ordered treatment for this problem during a three-year period immediately prior to the filing of the petition that brought that child to the court's attention . . . ."

Mother claims that section 361.5, subdivision (b)(13) does not apply because in 2008 she completed a treatment program that was part of her case plan in the first dependency and in spite of having several drug-related arrests between 2008 and 2013, she had only one conviction. That conviction was in 2010.

But even though a person has successfully completed a rehabilitation program, failure to maintain long-term sobriety is "resistance to treatment" within the meaning of section 361.5, subdivision (b)(13). (See *Randi R. v. Superior Court* (1998) 64 Cal.App.4th 67, 73.) Moreover, Mother cites no authority prohibiting the trial court from considering evidence of Mother's arrests as well as convictions. Here Mother has had multiple arrests between 2008 and 2013, as well as a conviction. Her latest arrest was in November 2013. She stated she relapsed because Father would not allow her to see her children. She testified she was currently "on diversion" and would be seeking treatment under Proposition 36. If she had no current drug problem she would not be seeking treatment under Proposition 36.

There is more than ample evidence to support the trial court's order bypassing services to Mother.

3

The petition is denied.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:



YEGAN, J.



PERREN, J.

Bruce A. Young, Judge

Superior Court County of Ventura
_____

Stephanie B., in pro. per., for Petitioner.

No appearance for Respondent.

Leroy Smith, County Counsel, County of Ventura, Alison L. Harris, Assistant County Counsel, for Real Party in Interest.